UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDRA AXON, on behalf of herself and all others similarly situated,

    Plaintiff,

v.

CITRUS WORLD, INC. and FLORIDA'S NATURAL GROWERS, INC.,

    Defendants.

18-cv-4162 (ARR) (RML)

**Not for print or electronic publication**

**Opinion & Order**

ROSS, United States District Judge:

On December 10, 2018, I dismissed plaintiff's complaint without prejudice and afforded her the opportunity to move for leave to file an amended complaint. *See* Dec. 10 Op. & Order 20, ECF No. 24.[1] On January 10, 2019, plaintiff moved for leave to amend. *See* Mot. Amend, ECF No. 26. Plaintiff is seeking to amend "solely in order to address the Court's concerns regarding the plausibility of her original pleading as to the expectations of reasonable consumers." *See* Mem. of Law in Supp. Mot. Amend 3, ECF No. 26-1. To address my concerns, plaintiff's Proposed Amended Complaint ("PAC") relies on a 2015 survey by the Consumer Reports National Research Center ("2015 Survey"), which found, *inter alia*, that 63% of consumers "think that the *natural* label on packaged/processed foods *currently* means that *no toxic pesticides were used*" and that 62% understand "natural" to mean no artificial materials/chemicals were used during processing. *See* Consumer Reports Nat'l Research Ctr., *Natural Food Labels Survey*, 6 (2015), http://www.consumerreports.org/content/dam/cro/magazine-

---

[1] For the purposes of this Order, I assume familiarity with the underlying facts.

1

articles/2016/March/Consumer_Reports_Natural_Food_Labels_Survey_2015.pdf ("2015 Survey"); *see also* PAC 2 n.1.[2] Plaintiff argues that these findings demonstrate that a majority of consumers: "(1) understand 'natural' claims on food products to mean that pesticides are neither used nor present at any level in the products; (2) understand 'natural' claims on food products to mean that no unnatural chemicals are present . . . , regardless of whether those chemicals are 'ingredients' or contaminants; and (3) hold these expectations of food marketed as 'natural,' with or without additional qualifications like '100%.'" Mem. of Law in Supp. Mot. Amend 2.

Plaintiff's motion for leave to amend her complaint is denied as futile. *See Griffith v. Sadri*, No. CV-07-4824 (BMC)(LB), 2009 WL 2524961, at *2 (E.D.N.Y. Aug. 14, 2009) ("Case law within the Second Circuit is clear that if, upon amendment, a Rule 12(b) motion would have to be granted, the proposed amendment [to the complaint] should be deemed futile."). In my December 10, 2018 opinion, I found it implausible that a reasonable consumer would be misled by defendant's brand name "Florida's Natural." *See* Dec. 10 Op. & Order 15–18. I came to this conclusion based on the following facts: defendant's products contain trace amounts of a commonly-used pesticide far below the amount deemed tolerable by the FDA, the pesticide is introduced early in the production process rather than as an ingredient, and, perhaps most importantly, the term "natural" is part of defendant's brand name, not part of a label such as "all natural" or "100% natural." *See id.*[3]

---

[2] Plaintiff claims that the PAC "draws from respected consumer studies," *see* Mem. of Law in Supp. Mot. Amend 2; however, the PAC relies only on the 2015 Survey.

[3] Plaintiff relies on *Organic Consumers Ass'n v. Bigelow Tea Co.* to support her argument that inclusion of the 2015 Survey data in a complaint is sufficient to survive a motion to dismiss. *See Bigelow Tea*, No. 2017 CA 008375 B, 2018 D.C. Super. LEXIS 11, at *11 (Oct. 31, 2018) (relying on the 2015 Survey to conclude that defendant's use of the term "natural" may be misleading to a reasonable consumer); *see also* Mem. of Law in Supp. Mot. Amend 4–5. I find that Florida's Natural's limited use of the term "natural" alone distinguishes the instant case from *Bigelow Tea*, in which Bigelow Tea was accused of "labeling, marketing, and selling tea products as 'All Natural,' 'Natural,' 'environmentally friendly,' and 'sustainable.'" *Bigelow Tea*, 2018 D.C. Super. LEXIS 11, at *2. I note also that the

The conclusions plaintiff draws from the 2015 Survey—i.e., that a majority of consumers (1) do not believe pesticides are present *at any level* in products labeled "natural," (2) do not distinguish between ingredients and trace levels of pesticides, and (3) hold these expectations regardless of how the term "natural" is used—are not supported by the survey's ambiguous language. The 2015 Survey simply states that a majority of consumers believe that the "natural" label on packaged/processed foods means that no toxic pesticides or artificial materials/chemicals were used. *See* 2015 Survey 6. It does not include details on how it defined "toxic pesticides," "artificial materials/chemicals," the "use" of such products, or a "'natural' label." Plaintiff's proposed amendments do not impact my earlier conclusion that, given the unique facts of this case, plaintiff's claims regarding the misleading nature of defendant's products should be dismissed for failure to state a claim. Plaintiff's motion to amend is therefore denied, and the complaint is dismissed with prejudice. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated: January 14, 2019
Brooklyn, New York

---

*Bigelow Tea* claims were brought under the District of Columbia's Consumer Protection Amendment Act, not New York's General Business Law. *See id.*; *see also* Dec. 10 Op. & Order 18 n.12.